UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HAROLD HOUSE,

                Plaintiff,

   -against-                    MEMORANDUM AND ORDER
                                       10-CV-3627 (JS)(ETB)

ANDREW GREENBAUM, ARNON BERSSON,
DAVID BERSSON, NORM BERSSON, PRISM
TRADING GROUP LLC, PRISM GROUP LLC,
PRISM TRADING SCHOOL LLC, PRISM
TRADING LLC, SECURITIES TRADING
SCHOOL LLC,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Harold D. House, Pro Se
                    56 S. Country Road
                    Westhampton, NY 11977

For Defendants:     No appearances

SEYBERT, District Judge:

     Before the Court is the pro se Complaint of plaintiff Harold D. House ("Plaintiff") against Andrew Greenbaum, Arnon Bersson, David Bersson, Norm Bersson, Prism Trading Group LLC, Prism Group LLC, Prism Trading School LLC, Prism Trading LLC, and Securities Trading School LLC (collectively, "the Defendants") alleging breach of a consulting agreement together with an application to proceed in forma pauperis.[1] Upon review of the

---

[1] The Court notes that, by Order dated July 22, 2010, this Court dismissed without prejudice a similar in forma pauperis Complaint filed by Plaintiff against several of the same Defendants for lack of federal subject matter jurisdiction. See Dkt. No. 10-CV-2157, Mem. & Order dated July 22, 2010 (Seybert, D.J.). In that case, Plaintiff had named defendants who were expressly alleged to reside in New York, thereby destroying

declaration accompanying Plaintiff's application, and for the reasons stated below, Plaintiff's request to proceed in forma pauperis is granted.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks and citations omitted). Here, Plaintiff's declaration states that he has approximately $700.00 and that he is currently unemployed. Accordingly, Plaintiff's declaration meets this standard.

Plaintiff's motion to proceed in forma pauperis is GRANTED. The United States Marshal Service is directed to serve the Complaint upon the Defendants without prepayment of fees.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 3, 2010
Central Islip, New York

---

diversity of citizenship. Given that Plaintiff has omitted those Defendants from this case, the Court finds that Plaintiff has alleged facts sufficient to withstand a sua sponte dismissal for lack of subject matter jurisdiction.