```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
HAROLD D. HOUSE,

                 Plaintiff,

       -against-                              MEMORANDUM & ORDER
                                              10-CV-3627 (JS)(ETB)
ANDREW GREENBAUM, ARNON BERSSON,
DAVID BERSSON, NORM BERSSON, PRISM
TRADING GROUP LLC, PRISM GROUP LLC,
PRISM TRADING SCHOOL LLC, PRISM
TRADING LLC, SECURITIES TRADING
SCHOOL LLC, and NEIL GREENBAUM,

                 Defendants.
-------------------------------------X
APPEARANCES:
For Plaintiff:          Harold D. House, pro se
                        P.O. Box 445
                        Greenport, NY 11944

For Defendants:
Andrew Greenbaum,       Isaac M. Zucker, Esq.
Prism Trading           600 Old Country Road, Suite 321
Group LLC, Prism        Garden City, NY 11530
Trading School
LLC, Prism Trading
LLC, Securities
Trading School LLC,
and Neil Greenbaum

Arnon Bersson,          No Appearances.
David Bersson, Norm
Bersson, and Prism
Group LLC

SEYBERT District Judge:
```

Pro se Plaintiff Harold House sued Defendants Andrew Greenbaum, Arnon Bersson, David Bersson, Norm Bersson, Prism Trading Group LLC, Prism Group LLC, Prism Trading School LLC, Prism Trading LLC, Securities Trading School LLC, and Neil

Greenbaum (collectively, "Defendants") in what is essentially a breach of contract action. Andrew Greenbaum, Prism Trading Group LLC, Prism Trading School LLC, Prism Trading LLC, Securities Trading School LLC and Neil Greenbaum (the "Moving Defendants") move to dismiss this case, arguing among other things that the Court lacks subject matter jurisdiction over this action and personal jurisdiction over Defendants. For the reasons that follow, the Moving Defendants' motion is granted, and this case is dismissed against all Defendants without prejudice.

BACKGROUND

According to his Complaint, Plaintiff entered into a consulting contract with Prism Trading Group LLC in June 2009 under which he would help the business develop a marketing plan. (Compl. ¶ 4.) Plaintiff was to be paid $15,000 per month through December 2009 (id. ¶¶ 4, 7, 8), at which point the contract would expire unless the parties agreed to an extension. Plaintiff claims that he was not paid for November or December 2009 and that Defendants owe him at least $30,000 in contractual consulting fees. (Id. ¶ 16.) Prism Trading Group was dissolved in January 2010. (Id. ¶ 14.) Although Plaintiff does not delineate how each Defendant was involved, the gravamen of his case is that Defendants, "acting individually and in concert, purposefully ran up debts in the Prism LLCs" in order to gain

2

market share and experience and "then, when the obligations were being pressed for payment, closed the LLCs and re-emerged with a new LLC to carry on the business debt free." (Id. ¶ 18.) Plaintiff seeks $900,000 in damages, a figure he arrived at by tripling the $30,000 he believes he is owed under the consulting contract and then multiplying it by the ten Defendants. (Id. at 5.)

Plaintiff has filed a number of lawsuits in this Court, including most recently a case very similar to this one. See E.D.N.Y. Docket No. 10-CV-2157 (filed Apr. 30, 2010). The Court dismissed that case sua sponte for lack of subject matter jurisdiction because there was not complete diversity between Plaintiff, a New Yorker, and certain Defendants who were alleged to reside and do business in New York. (Docket No. 10-CV-2157, Docket Entry 9 at 3.)

## DISCUSSION

The Moving Defendants argue that the Complaint must be dismissed for (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) failure to state a claim; and (5) legally insufficient allegations of fraud. (See Def. Br. 1-2.) Because the Court concludes that Plaintiff has not made a prima facie showing that the Court has personal jurisdiction over any of the Defendants, it dismisses

the Complaint without prejudice and does not reach the Moving Defendants' remaining arguments.

Plaintiff bears the burden of establishing personal jurisdiction. At this stage of the litigation, where the Court has not conducted an evidentiary hearing, Plaintiff need only make a <u>prima facie</u> showing of personal jurisdiction. <u>S. New England Tel. Co. v. Global NAPs Inc.</u>, 624 F.3d 123, 138 (2d Cir. 2010). He may satisfy his burden with affidavits and other supporting materials, and to the extent that the facts are disputed, the Court will credit Plaintiff's version. <u>See</u> <u>id.</u> To establish a <u>prima facie</u> case for jurisdiction, Plaintiff must, among other things, establish that personal jurisdiction is proper under the law of the forum state. E.g., <u>M. Shanken Commc'ns, Inc. v. Variant Events, LLC</u>, No. 10-CV-4747, 2010 WL 4159476, at *4 (S.D.N.Y. Oct. 7, 2010). New York law provides for personal jurisdiction when a defendant is present or "doing business" in the state, <u>see</u> N.Y. C.P.L.R. 301, and in certain situations when a plaintiff's cause of action arises out of an out-of-state defendant's activities, <u>see</u> N.Y. C.P.L.R. 302.

Here, however, Plaintiff alleges no facts, either in his Complaint or in his limited opposition to the Moving Defendants' motion, to suggest that the Court has personal jurisdiction over any of the Defendants in this action. There is no allegation that any of the Defendants are present or do

4

business in New York. To the contrary, Plaintiff asserts that "defendants are individuals and entities doing business in Boca Raton, Florida, and residing in Florida." (Compl. at 1.) Plaintiff has also failed to put forth any facts suggesting that New York's long-arm statute applies. This is a breach of contract case arising out of a consulting agreement whereby Plaintiff contracted to work for Florida businesses in Florida. (Compl. ¶¶ 3-4.) There is no hint that any of the Defendants "transact[ed] any business within" New York or "contract[ed] anywhere to supply goods or services in" New York. N.Y. C.P.L.R. 302.

The Court emphasizes that because it determined that it lacks personal jurisdiction over the Defendants, it has not reached the Moving Defendants' remaining arguments. Although it may, in the interest of justice, transfer the case rather than dismiss it, 28 U.S.C. § 1631, it declines to do so here because, among other reasons, the statute of limitations on Plaintiff's breach of contract claim has likely not run, see FLA. STAT. ANN. § 95.11(2), and Plaintiff is free to re-file this case in Florida state court.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss the Complaint is GRANTED and, because the Court determines that Plaintiff has failed to make a prima facie

5

showing that the Court has personal jurisdiction over any of the Defendants, the Complaint is dismissed in its entirety, without prejudice.  The Clerk of the Court is respectfully directed to terminate all pending motions, mail Plaintiff a copy of this Memorandum & Order, and mark this case CLOSED.

              SO ORDERED.

              /s/ JOANNA SEYBERT_____
              Joanna Seybert, U.S.D.J.

Dated:  December __6__, 2011
      Central Islip, New York